IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| ARTHUR BEN-CAREW | * | |
| Petitioner | | |
| | * | |
| v. | | CIVIL ACTION NO. L-05-3379 |
| | * | |
| MICHAEL CHERTOFF, et al., | | |
| Respondent | * | |

\*\*\*\*\*\*

## MEMORANDUM

On December 19, 2005, the Court received Arthur Ben-Carew's ("Petitioner")

"Application for Writ of Audita Querela" and "Motion for Emergency Stay and Order to Show

Cause." (Docket Nos. 1 and 2.) For the following reasons, the Court will, by separate Order,

DENY the "Motion for Emergency Stay and Order to Show Cause." The Court will rule on the

underlying "Application for Writ of Audita Querela" in due course.

## I.      Factual Background

Petitioner is a native and citizen of Sierra Leone. He was admitted to the United States as

a lawful permanent resident on February 5, 2001. On July 20, 2001, he pled guilty to a theft

charge in Maryland state court. The judge sentenced him to 18 months imprisonment, with all

18 months suspended, and three years of probation.

Because of his conviction, Petitioner was ordered deported. On March 10, 2005, the

Department of Homeland Security took Petitioner into custody pending deportation. On October

28, 2005, the Board of Immigration Appeals dismissed Petitioner's appeal of the Immigration

Judge's deportation order.

## II.     Procedural Background

On December 19, 2005, Petitioner filed his "Application for Writ of Audita Querela." He

argues that his guilty plea in state court was not knowing or voluntary because neither his

attorney nor the judge advised him that deportation was a possible consequence of pleading

guilty.[1] He claims that had he known about the possibility of deportation, he would have opted

to go to trial rather than plead guilty.  In addition to challenging his conviction, Petitioner asks

the Court to enjoin the Department of Homeland Security from deporting him.

Petitioner also filed a "Motion for Emergency Stay and Order to Show Cause."  He

argues that he faces imminent deportation and that, because he is the breadwinner for his family,

his deportation will "totally destroy" his family.  He, therefore, asks the Court to stay his

deportation pending the Court's decision on his underlying "Application for Writ of Audita

Querela."

III.    Analysis

In order to obtain injunctive relief under Rule 65 of the Federal Rules of Civil Procedure,

Petitioner must demonstrate: (i) the likelihood that he will be irreparably harmed if the

preliminary injunction is denied; (ii) the likelihood that respondents will not be harmed if the

requested relief is granted; (iii) the likelihood that he will succeed on the merits; and (iv) that the

public interest will be served if the injunction is granted.  See Blackwelder Furniture Co. v. Selig

Mfg. Co., 550 F.2d 189, 195-96 (4th Cir. 1977); see also Yakus v. United States, 321 U.S. 414

(1944).

The Court rejects Petitioner's motion for an emergency stay for two reasons.  First,

Petitioner has failed to demonstrate the likelihood of success on the merits.  Petitioner claims

that he was unaware that entering a guilty plea in state court would have adverse consequences

on his immigration status. He alleges, therefore, that his guilty plea was not voluntary or

---

[1]     These arguments are similar to those raised by Petitioner in his pending Petition for Writ of Habeas Corpus, filed in July 2005.  See Ben-Carew v. Warden, Civil Action No. L-05-2047 (D. Md. 2005).

knowing.  The Fourth Circuit Court of Appeals has held that a trial counsel's failure to advise an alien defendant of the collateral consequence of deportation does not amount to ineffective assistance of counsel, does not render the guilty plea involuntary, and does not mean that defendant was convicted absent due process.  See United States v. Yearwood, 863 F.2d 6, 7 (4th Cir. 1988).

Second, he cannot show that immediate and irreparable injury, loss, or damage would likely result absent a stay.  While it is true that Petitioner may be removed from the United States in the near future, there is nothing that would prevent him from continuing his efforts to vacate his state court conviction from abroad.  Assuming Petitioner succeeded in vacating his state court conviction, he could then apply for re-admission to the United States.

## IV.   Conclusion

For the foregoing reasons, the Court will, by separate Order, DENY Petitioner's Motion for Emergency Stay.  The Court will rule on Petitioner's "Application for Writ of Audita Querela" in due course.

Dated this 23rd day of December, 2005.

/s/

_____
Benson Everett Legg
Chief Judge